UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL A. ARANDA, § | |
| Plaintiff, § | |
| § | |
| VS. § | CASE NO. 21-2914 |
| § | DEMAND FOR JURY TRIAL |
| TIMOTHY DAVID STOLL, § | |
| ILLINOIS BELL TELEPHONE § | |
| COMPANY, AND ILLINOIS BELL § | |
| TELEPHONE COMPANY, LLC, § | |
| Defendants. | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **DANIEL A. ARANDA**, hereinafter referred to as Plaintiff, complaining of **TIMOTHY DAVID STOLL, ILLINOIS BELL TELEPHONE COMPANY, AND ILLINOIS BELL TELEPHONE COMPANY, LLC,** hereinafter referred to as Defendants, and for his cause of action would respectfully show unto the Court and Jury as follows:

I. Introduction

1.0    Plaintiff, **DANIEL A. ARANDA** is a resident of Eagle Pass, Maverick County, Texas.

1.1    Defendant, **TIMOTHY DAVID STOLL,** is the driver of one of the vehicles involved in the collision. Service of process with citation is proper in accordance with the Federal Rules of Civil Procedure, Rule 4(e)(1)(2)(A), (B), or (C), at his place of residence located at 737 N. Stratford Road, Arlington Heights, Cook County, Illinois 60004, by U.S. registered mail or certified mail, return receipt requested.

1.2    Defendant, **ILLINOIS BELL TELEPHONE COMPANY,** is a Company with its principal place of business located in Illinois and was the employer of the Defendant driver, **TIMOTHY DAVID STOLL**, of the vehicle involved in the collision. Service of process with

1

citation is proper pursuant to Federal Rules of Civil Procedure, Rule 4(h)(1)(a) or (b) to Defendant, **ILLINOIS BELL TELEPHONE COMPANY,** through its Registered Agent: **ILLINOIS BELL TELEPHONE COMPANY,** through its Registered Agent: C.T. Corporation System, 208 South Lasalle Street, Ste. 814, Chicago, Illinois 60604 by U.S. registered mail or certified mail, return receipt requested.

1.3     Defendant, **ILLINOIS BELL TELEPHONE COMPANY, LLC**, is a Limited Liability Company with its principal place of business located in Michigan and was the employer of the Defendant driver, **TIMOTHY DAVID STOLL**, of the vehicle involved in the collision. Service of process with citation is proper pursuant to Federal Rules of Civil Procedure, Rule 4(h)(1)(a) or (b) to Defendant, **ILLINOIS BELL TELEPHONE COMPANY, LLC**, through its Registered Agent: C.T. Corporation System, 208 South Lasalle Street, Ste. 814, Chicago, Illinois 60604 by U.S. registered mail or certified mail, return receipt requested.

## II. Venue and Jurisdiction

2.0     There is minimal diversity of citizenship of the parties in this matter and this Court has jurisdiction of this action under 28 U.S.C. § 1332(a)(1).

2.1     Plaintiff seeks monetary relief in an amount exceeding $75,000.00.

## III. Classification

3.0     Plaintiff is bringing this cause of action against the named Defendants for personal and bodily injuries caused by an incident which occurred on or about June 3, 2019, in Sleepy Hollow, Kane County, Illinois.  All conditions precedent have been satisfied.

## IV. Background Information

4.0     On or about June 3, 2019, Plaintiff, **DANIEL A. ARANDA,** was operating a 2015 Toyota Camry and was traveling eastbound on Route 72 and was stopped for traffic.  Defendant, **TIMOTHY**

**DAVID STOLL,** while in the course and scope of his employment, was driving a 2013 Chevrolet Express while working for **ILLINOIS BELL TELEPHONE COMPANY** and/or **ILLINOIS BELL TELEPHONE COMPANY, LLC.**, and was also traveling eastbound on Route 72. Defendant, **TIMOTHY DAVID STOLL's,** inattention to the roadway and failure to allow adequate distance between his vehicle and the Plaintiff's vehicle caused a collision with the Plaintiff that resulted in the Plaintiff's injuries.

V. Negligent Actions

5.0     On the occasion in question, Defendant, **TIMOTHY DAVID STOLL**, operated the 2013 Chevrolet Express while working for **ILLINOIS BELL TELEPHONE COMPANY** and/or **ILLINOIS BELL TELEPHONE COMPANY, LLC.**, in a negligent manner, in that he violated the duty which he owed Plaintiff, **DANIEL A. ARANDA,** to exercise ordinary care in the operation of a motor vehicle in one or more of the following respects:

  a.  In failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

  b.  In failing to timely apply the brakes to his vehicle in order to avoid the collision in question;

  c.  In failing to take proper evasive action and avoid the collision in question;

  d.  In failing to control the speed of his vehicle to avoid the collision in question;

  e.  In failing to maintain attention while driving as a reasonable prudent person would have done; and

  f.  In driving his vehicle in willful or wanton disregard for the safety of other persons.

5.1     Plaintiff would further show that the above and foregoing acts were separate and distinct acts of negligence and that they are the direct and proximate cause of the incident in question and the Plaintiff's resultant injuries as will be more accurately described herein below.

5.2     Each of these acts and omissions, singularly or in combination with such other acts and omissions constituted negligence and negligence per se which proximately caused the accident made the basis of this lawsuit, and the damages and injuries suffered by the Plaintiff.

## VI. Respondeat Superior Theory

6.0     On the occasion in question, Defendant, **TIMOTHY DAVID STOLL**, was an agent, employee, and/or representative of Defendants, **ILLINOIS BELL TELEPHONE COMPANY and/or ILLINOIS BELL TELEPHONE COMPANY, LLC.**, acting in the course and scope of their agency and/or employment and thus Defendants, **ILLINOIS BELL TELEPHONE COMPANY and/or ILLINOIS BELL TELEPHONE COMPANY, LLC.**, is liable for the tortuous acts and/or omissions of its employee and/or representative, pursuant to the doctrine of Respondeat Superior and/or Agency.

## VII. Damages of DANIEL A. ARANDA

7.0     As a result of the collision made the basis of this action, Plaintiff, **DANIEL A. ARANDA,** has suffered physical pain and mental anguish.  In all reasonable probability, he will continue to suffer such physical pain and mental anguish for a long time into the future, if not for the balance of his natural life.

7.1     As a further result of the Defendants' negligence, Plaintiff, **DANIEL A. ARANDA,** has been caused to incur reasonable and necessary medical expenses in the past and in all probability, will continue to so incur reasonable and necessary medical expenses in the future.

7.2     Plaintiff, **DANIEL A. ARANDA,** would further show that as a result of the injuries he sustained due to the Defendants' negligence, he has suffered physical impairment in the past and in all reasonable probability, he will continue to so suffer physical impairment in the future.

7.3 Plaintiff, **DANIEL A. ARANDA,** would further show that he has been unable to perform his regular household chores and/or services due to the Defendants' negligence and thus, Plaintiff hereby sues said Defendants for his loss of household chores and/or services.

7.4 Plaintiff, **DANIEL A. ARANDA,** would further show that he has been unable to perform his regular work activities due to the Defendants' negligence and thus, Plaintiff hereby sues said Defendants for his loss of wages and loss of wage-earning capacity.

### VIII. Pre-Judgment and Post-Judgment Interest

8.0 Plaintiff, **DANIEL A. ARANDA,** further alleges that he is entitled to recover pre-judgment and post-judgment interest at the legal rate pursuant to 815 Ill. Comp. Stat. 205/2; see E.M. Melahan Constr. Co. v. Carpentersville, 427 N.E.2d 181 (Ill. App. Ct. 1981) and 735 Ill. Comp. Stat. 5/2-1303.

8.1 By reason of all the above and foregoing elements, Plaintiff, **DANIEL A. ARANDA,** has suffered losses and damages in a sum that far exceed the minimum jurisdictional limits of this Court and for which he hereby sues said Defendants.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby request that Defendants be cited to appear and answer herein, and that on final trial hereof, Plaintiff have and recover the following:

1. Judgment against Defendants for a sum in excess of the minimum jurisdictional limits of the Court, with interest at the legal rate as prescribed by law;

2. Pre-judgment and post-judgment interest at the prevailing legal rate as provided by law and by statute;

3. Costs of suit; and

4. Such other and further relief, both general and special at law and in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**GONZALEZ & ASSOCIATES, P.C.**
269 N. Ceylon Street
Eagle Pass, Texas 78852
Tel: (830) 757-8323
Fax: (830) 757-8327
By: "/s/" Antonio Gonzalez
**ANTONIO GONZALEZ**
Texas State Bar No. 24085786

ATTORNEY-IN-CHARGE FOR
PLAINTIFF

## DEMAND FOR JURY

    NOW COMES, Plaintiff in the above entitled and numbered cause, and respectfully demands a trial by jury.

"/s/" *Antonio Gonzalez*
**ANTONIO GONZALEZ**